IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SOURAYA FAAS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C. A. No. 16-1299 |
| | § | |
| CARLOS CASCOS, in his | § | |
| Official capacity as the | § | |
| Secretary of the State of Texas | § | |
| and the STATE OF TEXAS, | § | |
| Defendants | § | |

COMPLAINT AND APPLICATION FOR DECLARATORY AND INJUNCTIVE RELIEF

Souraya Faas ("Faas" or "Plaintiff"), an independent candidate for President of the United States seeks declaratory and injunctive relief against the State of Texas ("Texas" or the "State") and Carlos Cascos[1]. The Texas' restrictions on independent presidential candidacy and ballot access violate the First and Fourteenth Amendments of the United States Constitution. Plaintiff asks the Court to declare the provisions of Texas election that contravene the freedoms of speech and association and deny equal protection for independent Presidential candidates, unconstitutional.

---

[1] Plaintiff proceeds against Mr. Cascos in his official capacity as Secretary of State of the State of Texas ("Secretary Cascos") Secretary Cascos, the State and Texas are collectively referred to as "Defendants" herein.

1

I. Parties

1. Plaintiff Souraya Faas is a declared independent candidate for the office of President of the United States and will be eligible to be sworn in as President on January 20, 2017. She is a resident of the State of Florida.

2. Defendant Carlos Cascos is the current Secretary of State of the State of Texas, and as such is responsible for enforcing, interpreting and upholding Texas laws pertaining to the conduct of elections, voter registration and ballot access.

3. The State of Texas is a Defendant.

II. Jurisdiction and Venue

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arise under the First and Fourteenth Amendments of the United States Constitution.

5. Venue is proper in this District under 28 U.S.C. § 1391 (b) because the State of Texas is a resident of this judicial district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

6. This Court is authorized to award the requested and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and 28 U.S.C. § 1361.

III. Factual Allegations

7. Souraya Faas seeks the presidency of the United States and to give the voters a choice to vote for her as an independent candidate in Texas.

8. She registered with the Federal Election Commission in 2015 to run for President, and meets all requirements to serve as President of the United States beginning on the date the new president will be sworn in.

10. Since her declaration, she has campaigned in several states, promoted her candidacy on Facebook, You Tube and other digital mediums, despite limited resources. She has generated enthusiasm among independents, Democrats and Republicans wherever she ventures.

11. Since she announced her candidacy, the presidential campaigns within the major political parties have devolved into unprecedented rancor. The front-runners for the major party nominations are viewed as unpopular and undesirable by a not insignificant number of party partisans and independent voters.

12. In one of the parties, the last two Presidents who were members of that party have declined to support the presumptive nominee of that party. Significant percentages of registered voters wish for an alternative to the apparent future nominees of the major political parties.

13. It is a fact of American history that candidates independent of the major parties, play a critical part in the voter's exercise of their rights to

vote, speak and associate. It is clear, that this election year, their role may be paramount.

*Texas Structural Impediments to Independent Presidential Candidacies in*

14. The Republican Party will nominate its candidates for President and Vice President, and those nominees will accept the nomination, between July 23 and July 25, 2016.

15. Approximately, 3.2 million Republican primary voters voted for a presidential candidate in the March 1, 2016 primary.

16. 1% of those who cast a preference in the Republican presidential primary voted "uncommitted".

17. The Democratic Party will formally designate its nominees for President and Vice President one week later.

18. Approximately, 1.4 million voters voted in the March 1, Democratic Presidential primary.

19. Neither party is required to collect between 79,939 separate signatures of registered voters who did not vote in the State's March 1, 2016 primary.

20. Texas law, according the Secretary of State, requires independent Presidential candidates to obtain between 79,939 signatures of registered voters who did not vote in the March 1, 2016 presidential primary, without making available a means by which a candidate could determine

whether a registered voter had voted or not, and whether they had voted in the presidential primary.

21. Plaintiff is deliberately evaluating potential vice-presidential running mates to insure that her running mate is fully qualified to serve as President of the United States.

22. Texas law requires an independent presidential candidate to obtain those signatures (more than 1,000 a day) in 70 days - between March 1, 2016 and May 9, 2016. Texas law provides for no alternative means for an independent Presidential candidate to qualify for the ballot. Specifically, the Texas Election Code, Chapter 192, Section 192.032 states in pertinent part:

> (a) To be entitled to a place on the general election ballot, an independent candidate for president of the United States must make an application for a place on the ballot. (b) An application must: ...(3) be accompanied by: (A) a petition that satisfies the requirements prescribed by Section 141.062; and (B) written statements signed by the vice-presidential candidate and each of the presidential elector candidates indicating that each of them consents to be a candidate. (c) The application must be filed with the secretary of state not later than the second Monday in May of the presidential election year. (d) the minimum number of signatures that must appear on the petition is one percent of the total vote received in the state by all candidates for president in the most recent presidential election.... (f) The following statement must appear at the top of each page of the petition: "I did not vote in a presidential primary election." (g) A signature on the petition is invalid if the signer: (1) signs the petition on or before the date of the presidential primary election in the presidential election year; or (2) voted in a presidential primary election during the presidential election year.

5

23. Texas law prevents a registered voter, who voted in the March 1, 2016 primary – whether they cast a vote for President or not – from signing a ballot access petition on behalf of an independent presidential candidate.

24. These requirements are neither reasonable nor necessary.

25. The resources required to obtain the number of qualified signatures required by State law in the time required are prohibitive for Plaintiff and other independent presidential candidates.

26. Because signatures may be invalidated for a variety of reasons, to achieve the number of valid and qualifying signatures, it would be necessary for Faas to collect at least 124,000 signatures.

27. It has been estimated, as of 2012, that the cost of each signature would be approximately $2 each, plus travel and lodging for persons paid to obtain the signatures. Thus, obtaining the sufficient number of signatures is likely to exceed a quarter of a million dollars.

### IV. Claims for Relief

*Count I -*
*Declaratory And Injunctive Relief – Discrimination Against Independent Presidential Candidates In Violation Of The Equal Protection Clause Of The Fourteenth Amendment To The United States Constitution*

28. The allegations in paragraphs 1 through 27 above are incorporated herein by reference.

29. The following requirements of Texas Election Code section 192.032 governing Presidential candidacies are imposed on independent Presidential candidates, but not on those the political parties nominate:

- The requirement to designate a Vice-Presidential candidate in effect by March 1, 2016 and before the collection of voter feedback in the form of signatures

- The requirement to obtain signatures

- The requirement to qualify as a candidate by May 9, 2016

30. This discrepancy renders these sections of the Texas Election Code unconstitutional under the Equal Protection Clause of the Fourteenth Amendment.

### Count Ii - Declaratory And Injunctive Relief – Signature Requirement - Violation Of The First And Fourteenth Amendments Of The United States Constitution

31. The allegations in paragraphs 1 through 30 above are incorporated herein by reference.

32. Texas' petition signature requirement severely impinges upon Faas' fundamental right to select her own Vice-Presidential candidate and herself as a candiate, inhibits her ability to associate with others to

7

advance her political beliefs and impinges on the rights of those qualified voters to cast their votes effectively.

33. To obtain the necessary signatures to satisfy the requirements of Texas law, Plaintiff would have to obtain at least 124,000 total signatures within seventy days.

34. Collecting the signatures imposes significant and daunting costs on independent candidates.

35. Voters in the major party primaries are all disqualified from signing Plaintiff's petition or any independent candidate's petition even if they did not vote for President, their chosen candidate lost, or they designated their preference as "uncommitted".

36. The State has failed to select a signature requirement that has much less of a negative impact on independent presidential candidates.

37. The signature restriction unfairly burdens the availability of politically opportunity and Plaintiff's rights to appear on the ballot for candidate Faas.

38. In effect, the signature rules destroy the opportunity of Texas voters to cast their ballots for independent presidential candidates.

39. Texas' statutory scheme imposes a greater burden on the rights of voters and independent candidates than other states.

8

40. Thus, the signature requirement as applied to independent presidential candidates in Texas imposes a devastating and severe burden on the associational and voting rights of candidates and Texas voters. As the restrictions in Texas' election laws are not narrowly tailored to further the interests of the State of Texas, the laws cannot withstand strict scrutiny.

41. The signature requirement imposed by Texas Election Code Section 192.032 violates the First and Fourteenth Amendment rights of independent presidential candidates in Texas.

## V. Remedy

42. As the signature requirement, and the requirement of the designation of an independent presidential and vice-presidential candidates between March 1 and May 9, 2016 are unconstitutional, Plaintiff requests that the Court temporarily, and then permanently enjoin the defendants from enforcing the unconstitutional provisions against the presidential candidates.

.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer, and the following order be entered that includes the following relief:

9

A.   Plaintiff prays Defendants be cited pursuant to appear and answer herein, and upon notice and hearing, a temporary restraining order, a temporary injunction and then a Permanent Injunction be issued, restraining and enjoining Defendant from enforcing the portions of the Texas election code requiring the collection of, between March 1, 2016 and May 9, 2016, 79,939 signatures of registered voters who did not vote in the Texas primary, the designation of a Vice-Presidential running mate before the collection of signatures, and a qualifying deadline of May 9, 2016 for independent Presidential and Vice-Presidential candidates..

B.   Reasonable and necessary attorneys' fees as available under State or federal law; and

C.   Any and all other relief this Honorable Court deems Plaintiff justly entitled to.

Respectfully submitted this 9th day of May 2016.

Respectfully submitted,

/s/ *Kenneth Royce Barrett*
KENNETH R. BARRETT
3740 Greenbriar #541873
Houston, Texas 77254
Phone: 281433-0837
Fax: 346 980-4615
SDTX: 12045
SBOT: 01812200
E:KennethRoyceBarrettLaw@yahoo.com