IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

SOURAYA FAAS, and
LEONARD STANLEY
CHAIKIND

_____,
    Plaintiffs,

v.               Civil Action No.: 4:16-cv-01299

CARLOS CASCOS, in his
Official capacity as the
Secretary of the State of
Texas and the STATE OF TEXAS

_____,
    Defendant.

## FIRST AMENDED COMPLAINT AND APPLICATION FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES now the Plaintiff, and for cause of action against the Defendants, alleges and states as follows, to-wit:

I.

1. Plaintiff, Souraya Faas, an individual, is a declared independent candidate for the office of President of the United States and will be eligible to be sworn in as President on January

20, 2017. She is a resident of the State of Florida.

2. Plaintiff, Leonard Stanley Chaikind, is an individual, a resident of Houston, Texas, who did not vote this year in a presidential primary election and wants to vote for Plaintiff, Souraya Faas, for President of the United States in the 2016 Presidential Elections.

3. Defendant Carlos Cascos, an individual, is joined in his capacity as the current Secretary of State of the State of Texas, and as such is responsible for enforcing, interpreting and upholding Texas laws pertaining to the conduct of elections, voter registration and ballot access,

and the recognition of Independent candidates for President and their ballot status in Texas pursuant to V.T.C.A., Election Code §§ 192.032 and 192.033. The Secretary of State has his office in the Texas State Capitol Building, Room 1E.8, Austin, Texas, 78701, and may be served with process at that location.

4. The State of Texas is a Defendant.

II.

5. This is an action for declaratory and injunctive relief. The jurisdiction of this Court is invoked pursuant to Title 28, United States Code, §§ 1343(3), 1343(4), 1367, 2201, and 2202, and Title 42, United States Code, § 1983. Venue of this Court is invoked pursuant to Title 28, United States Code, § 1391. The rights, privileges, and immunities sought to be declared and redressed are those secured by the First and Fourteenth Amendments to the United States Constitution and Sections 3, 3a, and 8 of Article 1 of The Texas Constitution.

III.

6. This proceeding seeks a judgment declaring V.T.C.A., Election Code §§ 141.031(a)(4)(k), 146.025(a)(1), 192.032(a), 192.032(b)(1)(B), 192.032(b)(3)(A), 192.032(b)(3)(B), 192.032(c), 192.032(d), 192.032(f), and 192.032(g), unconstitutional, facially and if not facially, as applied herein to Plaintiff for the 2016 Texas General Election and all subsequent General Elections in the State of Texas, in that they violate the U.S. Const. Art. II §1, cl. 4, the First and Fourteenth Amendments to the United States Constitution, Title 42, United States Code, §1983, and Sections 3, 3a, and 8 of Article 1 of The Texas Constitution. This proceeding also seeks an injunction, both temporary and permanent, against the Defendant Secretary of State and his agents and employees, prohibiting the Defendant from following and enforcing the provisions of V.T.C.A. Election Code §§ 141.031(a)(4)(k), 146.025(a)(1), 192.032(a), 192.032(b)(1)(B), 192.032(b)(3)(A),

192.032(b)(3)(B), 192.032(c), 192.032(d),192.032(f), and 192.032(g), as applied to the Plaintiff herein for the 2016 Texas General Election, and all subsequent Texas General Elections, so as to prevent the listing on the Texas ballot of Plaintiff Souraya Faas as Independent candidate for President of the United States.

IV.

7.   The laws in question, referred to *supra*, are as follows:

### V.T.C.A., Election Code § 192.032

(a) To be entitled to a place on the general election ballot, an independent candidate for president of the United States must make an application for a place on the ballot.

(b) An application must:

(1) comply with Section 141.031, except that:(A) the application is not required to include a candidate's occupation, length of residence, or statement that the candidate is aware of the nepotism law; and (B) the application must contain the applicable information required by Section 141.031(a)(4) with respect to both the presidential candidate and the running mate;

### V.T.C.A., Election Code § 141.031(a)(4)(K)

(a) A candidate's application for a place on the ballot that is required by this code must: (1) be in writing;

(2) be signed and sworn to by the candidate and indicate the date that the candidate swears to the application;

(3) be timely filed with the appropriate authority; and

(4) include:

(K) the statement: "I, _____, of _____, County, Texas, being a candidate for the office of _____, swear that I will support and defend the constitution and laws of the United States and of the State of Texas.

### V.T.C.A., Election Code §146.025

### Filing Period.

(a) Except as otherwise provided by this code, a declaration of write-in candidacy:
>(1) must be filed not later than 5 p.m. of the 78th day before general election day;
>. . .

### V.T.C.A., Election Code §192.032. Independent Candidate's Entitlement to Place on Ballot.

(a) To be entitled to a place on the general election ballot, an independent candidate for president of the United States must make an application for a place on the ballot.

>(b) An application must:
>>(1) comply with Section 141.031, except that:
>>. . .
>>>(B) the application must contain the applicable information required by Section 141.031(a)(4) with respect to both the presidential candidate and the running mate;
>>. . .
>>(3) be accompanied by:
>>>(A) a petition that satisfies the requirements prescribed by section 141.062; and,
>>>(B) written statements signed by the vice-presidential candidates
>>>
>>>Indicating that each of them consents to be a candidate.

(c) The application must be filed with the secretary of state not later than the second Monday in May of the presidential election year.

(d) The minimum number of signatures that must appear on the petition is one percent of the total vote received in the state by all candidates for president in the most recent presidential general election.

. . .

(f) The following statement must appear at the top of each page of the petition: "I did not vote this year in a presidential primary election."

(g) A signature on the petition is invalid if the signor:
  (1) signs the petition on or before the date of the presidential primary election in the presidential election year; or
  (2) voted in a presidential primary election during the presidential election year.

### Tex. Elec. Code Ann. § 192.034 (West)

(a) The names of a presidential candidate and the candidate's running mate shall be placed on the ballot as one race.

### Tex. Elec. Code Ann. § 192.033 (West)

(a) Except as provided by Subsection (c), the secretary of state shall certify in writing for placement on the general election ballot the names of the candidates for president and vice-president who are entitled to have their names placed on the ballot.

V.

8.  The real bar to the independent candidacy for President is the set of unconstitutional ballot access laws in Texas faced by candidates such as Faas. V.T.C.A., Election Code §§141.031(a)(4)(K), 192.032(a), 192.032(b)(1)(B), 192.032(b)(3)(A), 192.032(b)(3)(B), 192.032(c), 192.032(d), 192.032(f), and 192.032 (g), create an extremely difficult process of

qualifying as an independent presidential candidate. Consequently, the supporters of candidate Faas in Texas, were unable to marshal their resources in such a manner as to conduct a successful petition drive in Texas and to also achieve ballot status.

9. In order to appear on the November general election ballot as an independent candidate for President, V.T.C.A., Election Code §§192.032(a), 192.032(b)(1)(B), 192.032(b)(3)(A), 192.032(b)(3)(B), 192.032(c), 192.032(d), 192.032(f), 192.032 (g), 192.033(a), and 192.034(a), requires that a candidate file with Defendant Secretary of State an application for a place on the ballot bearing the signature of both the candidate for President and the candidate for Vice- President, along with a petition bearing the signatures of registered Texas voters equal in number to 1% of the vote in the last presidential election in Texas, no later than the second Monday in May. No signature is valid if made by a person who voted in the presidential primary which falls on the first Tuesday in March or if made before that day. For election year 2016, the petition must be filed no later than May 9, 2016, thereby giving the candidate only 79 days (from March 1 to May 9, 2016) to gather 79,939 valid signatures.

10. The due date for the Texas independent presidential candidate petition is the earliest in the nation. Forty-six states and the District of Columbia have presidential petition deadlines in July, August, September, or later of a General Election year. The courts routinely hold that even June deadlines are too early. Some state deadline necessarily has to be the first in the nation—but no state deadline should be unconstitutionally early. The early Texas deadline places an undue, unreasonable, and unjustified burden on independent presidential candidates. This early deadline makes an unnecessary distinction and discriminates in favor of major political party presidential candidates, who need not be certified to the state until late August at the earliest. The Defendant lacks any compelling interest in the aforesaid presidential deadline in Texas as it applies to independent presidential candidates.

11. Even compared to the law governing petitioning for minor party ballot access, the Texas ballot access laws for independent candidates for President are unconstitutional. To appear on the Presidential ballot for 2016, the deadline for independent candidate submissions is the second Tuesday in May—*one week before* the May 16, 2016 deadline requirement for new political parties to submit the same. Minor Party candidates for president need not file a declaration of intent on January 2, but, pursuant to V.T.C.A. § 192.031, they are due the later of 5 p.m. of the 71st day before presidential election day or 5 p.m., of the first business day after the date of final adjournment of the party's national presidential nominating convention. Consequently, even the statutory scheme regulating minor party ballot access discriminates against independent candidates.

12. Texas law provides presidential general election candidates of a major political party a filing date which is nearly three months later than the filing date for independent presidential candidates. The context of a presidential election requires heightened scrutiny by the Court. There is no need for the general election for an independent candidate to begin in May given that their real competition is the major party candidates nominated as late as September. Even the state interest of voter education raised in this case is different for presidential elections. Voter education for the general election does not really begin until the general election begins; it does not begin when voters are thinking about primaries.

13. The Texas ballot access laws complained of herein, facially, and if not facially, as applied to the Plaintiff, set an unconstitutional early deadline. The deadline for independent candidates for other offices, set out in V.T.C.A. § 142.006 requires the petitions for such candidates to be filed 30 days after the May 24, 2016 run-off primary for state and county offices other than President. Because Presidential elections in one state have an impact on the elections in other states, the United States Supreme Court authority is clear that presidential elections

are of nationwide importance and therefore state ballot access laws governing independent presidential candidates must treat such candidates more favorably than the state ballot access laws governing independent candidates for state offices.

14. The number of signatures required in Texas for an independent presidential candidate petition is the third highest in the nation. Such high signature numbers coupled with such an early due date make the ballot qualification process for an independent candidate for President—unconscionably difficult. Moreover, the Texas statutory requirement is made even more difficult by the fact that a signature is invalid if provided by a voter who participated in a presidential preference primary—exactly the civic minded voter who regardless of political affiliation is most likely to see the need for a robust palate of candidates. These difficulties mean that an independent presidential candidate should aim for around 160,000 raw signatures. The time frame which independent candidates have to gather an excess of 160,000 raw signatures is brutally short. In 2016, the first day to gather valid signatures is March 1; thus, a candidate has a mere 79 days during which to gather around 160,000 signatures, thereby requiring an independent candidate to obtain over 2,000 signatures a day. Thirteen states require independent presidential candidates to secure fewer than 2,000 signatures—*in TOTAL*.

15. The aforementioned early and discriminatory filing deadline combined with the unduly burdensome, arbitrary, and discriminatory signature requirement for Independent presidential candidates, along with the lessened time for gathering the unreasonably high number of required signatures serves no compelling state interest which justifies the disparate treatment between Independent candidates for president and newly formed political parties and their presidential candidates; rather, it forces an Independent presidential candidate to demonstrate a substantially higher sum of support during a shorter petitioning time frame and at an earlier date than that required for major political parties and minor political parties seeking

their nominees for President. Given the difficulties imposed upon Plaintiff Faas by these unconstitutional laws, she is left absent relief from this Court, with no option but to try and qualify as write-in candidate. On information and belief, Plaintiff asserts that absent intervention by this Court, Plaintiff candidate will not be on the ballot in Texas in the year 2016.

VI.

16. Texas' early presidential deadline for Independent candidates and write-in submissions (which discriminate and add unnecessary distinctions and hardships) as set forth in V.T.C.A., Election Code §§146.025(a)(1), 192.032(a), 192.032(b)(1)(B), 192.032(b)(3)(A), 192.032(b)(3)(B), 192.032(c), 192.032(d), 192.032(f), 192.032(g), 192.033(a), 192.034(a), effectively cuts off serious and important candidates from appearing on the Texas ballot and transforms the petitioning process into a race to meet an arbitrary, discriminatory, and unnecessarily early deadline as opposed to effectively *preserving the integrity of the electoral process.* At present, Texas' deadline for Independent presidential candidate is the earliest in the United States and makes an unnecessary distinction and discriminates in favor of new political party presidential candidates. Texas' early presidential deadline places an undue, unreasonable, and unjustified burden on Independent presidential candidates. The Defendant lacks any compelling interest in the aforesaid presidential deadline in Texas as it applies to presidential candidates

VII.

17. As applied to Plaintiff herein for the 2016 Texas General Election, Defendant Secretary of State and his employees have and will exercise their authority under color of state law in such a way as to be an unlawful, discriminatory, capricious, and arbitrary manner, in violation of U.S. Const.Art. II § 1, cl. 4, the First and Fourteenth Amendments to the United

States Constitution, Title 42, United States Code, §1983, and Sections 3, 3a, and 8 of Article 1 of The Texas Constitution, in that:

18.   V.T.C.A. Election Code §§ 141.031(a)(4)(K), 146.025(a)(1), 192.032(a),192.032(b)(1)(B), 192.032(b)(3)(A), 192.032(b)(3)(B), 192.032(c), 192.032(d), 192.032(f),192.032(g), 92.033(a), 192.034(a), facially and as applied to the Plaintiff herein for the 2016 Texas General Election and all subsequent General Elections in Texas, are illegal and unconstitutional, in that they violate the rights of the Plaintiff under U.S. Const.Art. II § 1, cl. 4,, the First and Fourteenth Amendments to the United States Constitution, Title 42, United States Code, §1983, and Sections 3, 3a, and 8 of Article 1 of The Texas Constitution. The aforesaid statutes are not framed in the least restrictive manner necessary to achieve legitimate State interests in regulating ballot access for a Presidential election. Particularly, the relatively earlier filing deadline for the current election year (May 9, 2016), shorter petitioning time, and higher number of required petition signature of 64,077 for Independent presidential candidates are far more burdening than those required by new political parties, which allows for a later petition signature deadline for the current election year (May 16, 2016), longer petitioning time, and lower petition signature requirement of 47,086. Such grave differences constitute invidious discrimination against Independent presidential candidates in violation of their rights and the rights of their potential supporters under the equal protection clause to the United States Constitution; as well as their right to political association for advancement of political beliefs, and the right to cast their votes effectively. Additionally, as applied to Independent presidential candidates, Texas' relatively early signature deadline and significantly higher signature requirement (as opposed to new political party candidate requirements), establishes an unreasonable and undue burden on Independent candidates for President of the United States seeking ballot access in Texas.

19.     As a result of the above mentioned unreasonable and discriminatory higher petition signature requirement, lesser petitioning time, and early petition deadline, Plaintiff candidate Faas will fail to qualify for the Texas General Election ballot in 2016, and more importantly—voters in Texas will lose their ability to vote for her. Moreover, because votes cast for President of the United States are done in the context of a national election, voters outside Texas who cast their ballots for Faas will have their votes effectively diluted by the refusal of the Defendant to allow Plaintiff candidate on the Texas General Election ballot for 2016.

VIII.

20.     Plaintiff herein, as a result of the state laws as they stand today, and for the reasons set forth above, will suffer immediate and irreparable harm by being denied a place on the Texas Election ballot for 2016. Thus, Plaintiff will be denied her rights to actively engage in the exercise of free speech, right to political association, petition the government, seek redress of grievances, political candidacy, and equal protection and due process of the laws of the United States of America. Plaintiff has no adequate remedy at law for the denial of her rights and the impairment of the Constitutional rights, privileges, and immunities enjoyed by citizens of the United States and the State of Texas. Unless a preliminary injunction and permanent injunction are granted, Plaintiff will suffer great and irreparable harm.

21.     WHEREFORE, Plaintiff demand judgment:

   1. Declaring that V.T.C.A. Election Code §§ 141.031(a)(4)(K), §§146.025(a)(1), 192.032(a), 192.032(b)(1)(B), 192.032(b)(3)(A), 192.032(b)(3)(B), 192.032(c), 192.032(d), 192.032(f), 192.032(g), 192.033(a), 192.034(a), are illegal and unconstitutional facially and if not

facially then as applied to the Plaintiff herein for the 2016 Texas General Election, and all subsequent Texas General Elections, in that they violate the rights of the Plaintiff under U.S. Const.Art. II § 1, cl. 4,, the First and Fourteenth Amendments to the United States Constitution, Title 42, United States Code, §1983, and Sections 3, 3a, and 8 of Article 1 of The Texas Constitution, as said statues are not framed in the least restrictive manner necessary to achieve the legitimate state interest in regulating ballot access; particularly, as relating to the earlier petition signature deadline, number of petition signatures required, improper attestation requirements and improperly requiring that the candidate also name a vice-president;

2. Entering preliminary and permanent injunctions restraining, prohibiting, and enjoining the Defendant Secretary of State, his agents and employees, and all persons in active concert and participation with him, from enforcing, applying, or implementing the aforesaid complained of State Election laws as to the unnecessary and discriminatory early filing deadline and higher petition signature requirement as applied to the instant Plaintiffs for 2016, and all subsequent Texas General Elections, and the facts and circumstances relating thereto;

3. Issuing writs of prohibition and mandamus to the Defendant Secretary of State, his agents and employees, and all persons in active concert and participation with them, ordering them not to take any action that would deny the Plaintiff or any other persons so inclined, the right to cast their votes for Souraya Fass for President of the United States, and ordering said Defendant to place the names of Souraya Fass and her Vice Presidential running mate, if she

choose to name one, and her Presidential electors on the Texas ballot for the General Election in 2016, or in the alternative allow plaintiff candidate access to the ballot as write-in candidate, without naming any running mate;

4. Awarding Plaintiff the reasonable costs and expenses of this action, including attorney's fees pursuant to the Civil Rights Attorney's Fees and Awards Act of 1976, 42 U.S.C. §1988, and;

5. Granting Plaintiff such other and further relief as to which she may be entitled to and which the Court may deem equitable and just.

Dated this 29th day of September 2016.

Respectfully submitted,

Vivian E. Restrepo, Esq.
THE LAW OFFICE OF
VIVIAN E. RESTREPO, P.L.
Attorney for Plaintiff
TX Bar No.: 24085549
454 S.W. 8 ST
Miami, Florida 33130
Tel: 305-457-8092
Fax: 786-334-5779
Vivian@Restrepolaw.com