IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SOURAYA FAAS, and § | |
| LEONARD STANLEY CHAIKIND, § | |
| *Plaintiffs,* § | |
| § | |
| v. § | Civil Action No. 4:16−cv−01299 |
| § | |
| CARLOS CASCOS, in his § | |
| Official capacity as the § | |
| Secretary of the State of Texas § | |
| and the STATE OF TEXAS, § | |
| *Defendants.* § | |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT AND APPLICATION FOR DECLARATORY AND INJUNCTIVE
RELIEF**

# **TABLE OF CONTENTS**

**SUMMARY OF ARGUMENT** .................................................................................... 1

**SUMMARY OF RELEVANT FACTS** ........................................................................ 2

**PROCEDURAL HISTORY** ......................................................................................... 5

**STATEMENT OF THE ISSUES** ................................................................................. 5

**STANDARD OF REVIEW** ......................................................................................... 6

**ARGUMENT** ............................................................................................................... 6

    I.   SECTION 192.032 IS CONSTITUTIONAL UNDER THE *ANDERSON/BURDICK* TEST ............. 7

        A.  TEXAS'S SIGNATURE REQUIREMENT AND STATUTORY DEADLINE ARE CONSTITUTIONAL ................................................................................................ 8

        B.  THE REQUIREMENT TO SUBMIT A WRITTEN STATEMENT FROM THE VICE-PRESIDENTIAL CANDIDATE IS CONSTITUTIONAL .............................................. 11

    II.  MS. FAAS HAS FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT HER CLAIMS ..... 12

**PRAYER FOR RELIEF** ........................................................................................... 144

# TABLE OF AUTHORITIES

**Cases**

*Am. Party of Texas v. White*,
 415 U.S. 767 (1974) .................................................................................................. 8, 11

*Anderson v. Celebrezze*,
 460 U.S. 780 (1983) .......................................................................................................... 7

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................................................... 6, 13

*Burdick v. Takushi*,
 504 U.S. 428 (1992) .................................................................................................... 6, 7

*In re Katrina Canal Breaches Litig.*,
 495 F.3d 191 (5th Cir. 2007) ........................................................................................... 6

*Jenness v. Fortson*,
 403 U.S. 431 (1970) ........................................................................................................ 11

*Martin K. Eby Constr. Co., Inc. v. Dallas Area Rapid Transit*,
 369 F.3d 464 (5th Cir. 2004) ........................................................................................... 6

*Meyer v. Texas,*
 Civil Action No. H-10-3860, 2011 WL 1806524 (S. D. Texas May 11, 2011) .......... 7, 8, 11, 12

*Munro v. Socialist Workers Party*,
 479 U.S. 189 (1986) .......................................................................................................... 8

*Nader v. Connor,*
 332 F. Supp. 2d 982 (W.D. Tex. 2004) ....................................................................... 9, 10

*Nader v. Connor*,
 388 F.3d 137 (5th Cir. 2004) ........................................................................................... 8

*Neitzke v. Williams*,
 490 U.S. 319 (1989) .......................................................................................................... 6

*Pennzenergy Co. v. Wells*,
 31 Fed. Appx. 158 (5th Cir. Dec. 17, 2001) .................................................................... 6

*Plotkin v. IP Axess Inc.*,
 407 F.3d 690 (5th Cir. 2005) ........................................................................................... 6

*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*,
 365 F.3d 353 (5th Cir. 2004) ........................................................................................... 6

*Storer v. Brown,*
 415 U.S. 726 (1974) .......................................................................................................... 9

*Texas Indep. Party v. Kirk*,
    84 F.3d 178 (5th Cir. 1996) ...................................................................................... 6, 7 , 8, 10

**Statutes**

TEX. ELEC. CODE § 192.032 ................................................................................................ passim

TEX. ELEC. CODE § 192.033(A) ........................................................................................... 3, 5, 13

TEX. ELEC. CODE § 192.0349(A) .............................................................................................. 3, 13

TEX. ELEC. CODE § 141.031(A)(4)(K) ................................................................................ 3, 4, 5, 13

Defendants, Carlos Cascos, in his official capacity as the Secretary of the State of Texas, and the State of Texas (collectively, "Defendants"), file this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' First Amended Complaint and Application for Declaratory and Injunctive Relief (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Defendants would show the Court as follows:

## SUMMARY OF ARGUMENT

This case involves a constitutional challenge to the Texas Election Code and the ballot-access requirements for independent presidential candidates found in Section 192.032. Plaintiff, Souraya Faas, is an independent presidential candidate, who seeks to have her name placed on the 2016 presidential ballot without complying with any of the state law requirements designed to guarantee orderly and fair elections. Specifically, Ms. Faas challenges the state's requirements that independent candidates establish a modicum of support from the electorate by filing a petition with a certain number of valid voter signatures and submit that petition by a particular date to the Secretary of State. She also contends that various miscellaneous statutory requirements imposed on independent candidates are unconstitutional and violate Plaintiffs' First and Fourteenth Amendment rights. For instance, Plaintiffs object to the requirement that an independent candidate submit a written statement announcing her intention to "support and defend the constitution and the laws of the United States" and contends that the law obliging independent candidates to name a vice-presidential running mate is also unduly burdensome. Because the arguments advanced by Ms. Faas and her co-plaintiff previously have been considered and rejected by the courts of this circuit, this Court should grant the motion to dismiss and affirm (once again) the constitutionality of Texas's ballot-access provisions.

## SUMMARY OF RELEVANT FACTS

Souraya Faas, a resident of Florida, is a declared independent candidate for the office of President of the United States. Amended Compl., ¶ 1. Plaintiff Leonard Stanley Chaikind is a resident of Houston, who allegedly "wants to vote for" Ms. Faas for President in the 2016 election. *Id.*, ¶2. Ms. Faas alleges that she will be eligible to be sworn in as President on January 20, 2017. *Id.*, ¶ 1.

Texas law imposes specific requirements on independent presidential candidates who, like Ms. Faas, seek to be placed on the general election ballot. Specifically, Section 192.032 of the Texas Election Code requires that:

> (a) To be entitled to a place on the general election ballot, an independent candidate for president of the United States must make an application for a place on the ballot.
>
> (b) An application must: . . . (1) comply with Section 141.03 except that: (A) the application is not required to include a candidate's occupation, length of residence, or statement that the candidate is aware of the nepotism law; and (B) the application must contain the applicable information required by Section 141.031(a)(4) with respect to both the presidential candidate and the running mate; (3) be accompanied by: (A) a petition that satisfies the requirements prescribed by Section 141.062; and (B) written statements signed by the vice-presidential candidate and each of the presidential elector candidates indicating that each of them consents to be a candidate.
>
> (c) The application must be filed with the secretary of state no later than the second Monday in May of the presidential election year.
>
> (d) The minimum number of signatures that must appear on the petition is one percent of the total vote received in the state by all candidates for president in the most recent presidential general election.
>
> (f) The following statement must appear at the top of each page of the petition: "I did not vote this year in a presidential primary election."
>
> (g) A signature on the petition is invalid if the signer: (1) signs the petition on or before the date of the presidential primary election in the presidential election year; or (2) voted in a presidential primary election during the presidential election year.

TEX. ELEC. CODE, § 192.032 (West 2015).

To comply with these requirements, an independent presidential candidate seeking to have her name included on the general ballot must obtain and submit a compliant application to the Secretary of State no later than May 9, 2016.  See Amended Compl. ¶ 9.  The application, in addition to complying with some ministerial requirements applicable to all candidates (*see* TEX. ELEC. CODE § 141.031(a)), must be accompanied by a petition showing "79,939 valid signatures" from Texans, who state their support for the independent candidate.  *Id.*  The application must also include written statements from the vice-presidential candidate and each of the presidential elector candidates.   TEX. ELEC. CODE § 192.032.

Ms. Faas does not allege that she has met—or even attempted to meet—any of these requirements or that she has broad support in Texas.  *See generally* Amended Compl.  There is no allegation in the amended complaint that Ms. Faas collected or attempted to collect the requisite number of voter signatures.  *See id.*  Nor has she alleged that she filed an application with the Secretary of State by the statutorily-mandated May 9, 2016 deadline.  *See id.*  Rather, Ms. Faas complains that the challenged provisions "create an extremely difficult process [for] qualifying as an independent presidential candidate." *id.*, ¶ 8.  She asks that the Court remove these statutory obstacles and allow her name to be placed on the general ballot in time for the November 8, 2016 presidential election.  *See id.*, ¶ 42.

Separately, Ms. Faas challenges 192.0349(a), 192.033(a) and § 141.031(a)(4)(K). These general provisions apply to all presidential tickets—not only independent candidates.  Section 192.033(a) directs the Secretary of State to "certify in writing" the "names of the candidates for president and vice-president" that are to be placed on the ballot. TEX. ELEC. CODE § 192.033; while Section 192.034(a) merely provides that the name of the presidential candidate's running

3

mate be placed "on the ballot as one race" with the presidential candidate's name. TEX. ELEC. CODE § 192.034(a). Section 141.031(a)(4)(K), in turn, applies to all candidates and provides:

> A candidate's application for a place on the ballot that is required by this Code must: (1) be in writing; (2) be signed and sworn to by the candidate and indicate the date that the candidate swears to the application; (3) be timely filed with the appropriate authority; and (4) include (K) the statement: "I, _____, of _____, County, Texas, being a candidate for the office of _____, swear that I will support and defend the constitution and laws of the United States and of the State of Texas.

Plaintiffs appear to object to the written statement swearing to support and defend the constitution and laws of the United States and the State of Texas. The Amended Complaint does not set forth *any* facts explaining how these provisions affect or burden Plaintiffs' constitutional rights. *See* Amended Compl. Nor do they explain how these general provisions directed at the Secretary of State impede Ms. Faas's ability to get on the presidential ballot.

Finally, it is worth noting that the ballots for the upcoming general election have been prepared and tested for logic and accuracy and thousands of ballots for military and overseas voters already have been mailed. *See, e.g.*, TEX. ELEC. CODE § 86.004 (b) (requiring ballots to be mailed on or before the later of the 45th day before election day or the seventh calendar day after the date the clerk receives the application for the ballot by mail). Any modification to the ballot to add Ms. Faas as an independent candidate would require counties to correct the ballot at their expense, and cause voter confusion for those voters who have already received ballots. *See* TEX. ELEC. CODE § 86.009 (requiring mailing of corrected ballots and corresponding balloting materials "unless in the clerk's opinion there is not sufficient time for the voter to timely return the corrected ballot to the clerk").

4

## PROCEDURAL HISTORY

Plaintiff initiated this action on May 5, 2016. Compl. (ECF No. 1). Pursuant to the Court's Order granting Defendants' Unopposed Motion for Extension of Time to Answer Plaintiff's Complaint, (ECF No. 4), Defendants filed a timely motion to dismiss the original complaint and supporting memorandum of law June 29, 2016. On July 20, 2016, this Court granted Plaintiff's unopposed request to extend time to file a response to Defendants' original Motion to Dismiss and set July 28, 2016 as the response deadline. (ECF Doc. 11.) On August 17, 2016 this Court ordered Plaintiff to show cause by August 29, 2016, why this action should not be dismissed for want of prosecution. (ECF Doc. 16.) On September 6, 2016, Plaintiff requested a second extension of time to respond to Defendants' original Motion to Dismiss. (EFC Doc. 20.) On September 7, 2016, the Court granted Plaintiff's unopposed request for additional time. The response to the original motion was due on September 30, 2016. *Id.*

On September 29, 2016, rather than filing a response to Defendants' Motion, Plaintiff filed a First Amended Complaint and Application for Declaratory and Injunctive Relief. Plaintiffs did not confer with Defendants before filing this amendment and did not seek leave of Court. FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2). Because the claims in the Amended Complaint are virtually identical to those advanced in the original complaint, Defendants renew their motion to dismiss and file this Motion to Dismiss the Amended Complaint as a matter of law.

## STATEMENT OF THE ISSUES

1. Whether Section 192.032 of the Texas Election Code, which imposes several ballot-access requirements on independent presidential candidates, survives constitutional scrutiny under the First and Fourteenth Amendments.

2. Whether Plaintiff has alleged sufficient facts to state a claim upon which relief can be granted with respect to Sections 192.032 ,192.039(a), 192.033(a) and 141.031(a)(4)(K).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (citations omitted); *accord Pennzenergy Co. v. Wells*, 31 Fed. Appx. 158, at *9 (5th Cir. Dec. 17, 2001) (per curiam) (quoting *Neitzke*, 490 U.S. at 326-27). "This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke,* 490 U.S. at 326-27.

Rule 12(b)(6) also allows a court to dismiss all or part of a complaint "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff,'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)), a plaintiff must plead specific facts and cannot rely merely on "labels and conclusions" and a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In a case such as this one, where the Plaintiff has done little more than offer "conclusory allegations, unwarranted factual inferences, [and] legal conclusions," the Court should grant the motion and dismiss the lawsuit with prejudice. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

## ARGUMENT

"Voting is of the most fundamental significance in our constitutional system." *Texas Indep. Party v. Kirk*, 84 F.3d 178, 182 (5th Cir. 1996) (citing *Burdick v. Takushi*, 504 U.S. 428, 433 (1992)). The right to "vote in any manner and the right to associate for political purposes

6

through the ballot," however, are "not absolute." *Texas Indep. Party*, 84 F.3d at 182. As a practical matter, states enjoy substantial authority to regulate elections in order "to ensure fairness, honesty, and order." *Id.* (citing *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983)). Texas has exercised that authority by enacting a series of requirements to ensure that independent candidates seeking to be placed on the general election ballot have sufficient support among the electorate. *See* TEX. ELEC. CODE § 192.032. And the courts of this circuit have repeatedly upheld these various requirements against attacks almost identical to the ones asserted in Plaintiffs' Amended Complaint. For the reasons set forth below, the Court should grant Defendants' motion and dismiss the Amended Complaint as a matter of law.

## I. SECTION 192.032 IS CONSTITUTIONAL UNDER THE *ANDERSON/BURDICK* TEST

The framework for examining these ballot-access laws is well-settled. "In the Fifth Circuit, the proper test for [evaluating] the constitutionality of the contested regulations is the *Anderson/Burdick* test." *Meyer v. Texas,* Civil Action No. H-10-3860, 2011 WL 1806524 at * 3 (S. D. Texas May 11, 2011) (attached hereto as Exhibit A). "A court considering a challenge to a state election law must weigh the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments against the precise interests put forward by the State as justifications for the burden imposed by its rule." *Texas Indep. Party*, 84 F.3d at 182 (citing *Anderson*, 460 U.S. at 789). "The rigorousness of the inquiry into the propriety of the state election law depends upon the extent to which the challenged regulation burdens First and Fourteenth Amendment rights." *Texas Indep. Party*, 84 F.3d at 182 (*citing Burdick*, 504 U.S. at 434). "If the contested regulations impose 'severe restrictions,' 'those regulations must be 'narrowly drawn' and support 'compelling' state interests . . . ." *Meyer*, 2011 WL 1806524 at * 3 (citing *Burdick,* 504 U.S. at 434). If the ballot-access provisions, however, only impose

7

"reasonable, nondiscriminatory restrictions," the state must only articulate "important regulatory interests" for the law to pass constitutional muster. *Id.*

Every court within the Fifth Circuit to apply the *Anderson/Burdick* framework to Texas's ballot-access provisions has determined the Election Code is reasonable and non-discriminatory and advances important regulatory interests. *See, e.g., Nader v. Connor*, 388 F.3d 137 (5th Cir. 2004) (affirming the constitutionality of Texas's voter signature requirement and the statutory deadline for independent presidential candidates); *Texas Indep Party,* 84 F.3d at 184-85 (upholding the signature requirement for independent candidates and finding that forcing independent candidates to meet petitions requirements did not impose a severe burden); *Meyer*, 2011 WL 1806524 at * 3 (S. D. Texas May 11, 2011) (upholding the constitutionality of the statutory requirements for independent candidates for the House of Representatives). This Court should follow suit and uphold the constitutionality of the challenged provisions.

### A. Texas's Signature Requirement and Statutory Deadline Are Constitutional

The requirement (found in Section 192.032) that an independent candidate demonstrate sufficient public support by securing signatures from at last one percent of voters in the last presidential election by a statutory-specified date is not unduly burdensome. *See, e.g., Munro v. Socialist Workers Party*, 479 U.S. 189, 194 (1986) ("States have an undoubted right to require candidates to make a preliminary showing of substantial support in order to qualify for a place on the ballot."); *Am. Party of Texas v. White¸* 415 U.S. 767 (1974) ("Demanding signatures equal in number to 3% to 5 % of the vote in the last election   (for governor and State House of Representatives) is not invalid on its face . . . " or unduly burdensome."). Indeed, in *Nader v. Connor*, 388 F.3d 137 (5th Cir. 2004), the Fifth Circuit unanimously held so when it affirmed the district court's decision finding Texas's signature and deadline requirements for independent

8

presidential candidates "legal and constitutional." *Id.* ("Essentially for the reasons as well stated in the district court's memorandum opinion, *Nader v. Connor,* 332 F. Supp. 2d 982 (W.D. Tex. 2004), we affirm that court's final judgment declaring the challenged Texas Election Code provisions legal and constitutional."); *see also Nader v. Connor,* 332 F. Supp. 2d 982, 986 (W.D. Tex. 2004), *aff'd* 388 F.3d 137 (5th Cir. 2004).

There, the district court considered Ralph Nader's challenge to the same ballot-access requirements at issue in this case. *See Nader,* 332 F.Supp.2d at 986. In declining to apply strict scrutiny, the district court found that the statutory one-percent signature requirement was not "unduly restrictive or unreasonable" since the "presidency is the only office being sought by that candidate", *id.* at 987, and the state has a legitimate interest in "assur[ing] itself that the candidate is a serious contender truly independent, and with a satisfactory level of community support." *Id.* (citing *Storer v. Brown,* 415 U.S. 726, 746 (1974) (footnote omitted)).

The district court additionally held that "more restrictive signature and deadline requirements for an independent candidate [could] be justified if the ballot-access requirements, as a whole, are reasonable and similar in degree to those for a [] political-party candidate." *Id.* at 988 (citing *Storer,* 415 U.S. at 745). In Texas, political parties "whether they be major, medium or minor, are subject" to an elaborate convention process "not imposed upon independent candidates seeking ballot access in Texas." *Nader*, 332 F.Supp.2d at 990. That "winnowing process" helps to "eliminate frivolous candidates and field only serious candidates." *Id*. By contrast an independent candidate need not reveal her candidacy until after the March presidential primaries (when she may start collecting signatures) and is not subject to any of the convention strictures. Thus, an independent candidate "enjoys more flexibility in determining whether to run" and when to run "than does the candidate of a [] political party." *Id.* at 889. This flexibility, the

9

district court found—and the Fifth Circuit affirmed—suggests "the variance between the ballot-access requirements for independent candidates and [] political-party candidates is not sufficiently severe to warrant strict scrutiny." *Id.* at 889.

Having determined that the signature requirement and statutory deadline did not impose a severe burden, the court considered whether Section 192.032 served "important state interests" and found that it did. *Nader,* 332 F. Supp. 2d at 992. The court held that Texas has "several legitimate interests to support" its ballot-access restrictions, including preserving "the integrity of the electoral process" and regulating "the number of independent candidates on the ballot by ensuring that (1) the electorate is enough aware of the candidate either to know his views or to learn and approve of them in a short period, and (2) that at least a minimum of registered voters are willing to take him and his views seriously." *Id.* Those same interests apply here.

Plaintiff has not alleged any facts tending to show Texans are aware of her candidacy—much less that she enjoys public support in the state from anyone other than her co-plaintiff. *See* Amended Compl., ¶¶ 1-27. Indeed, the Amended Complaint reveals that Ms. Faas has done little more than indicate her desire to be President of the United States. *See id.* There is no allegation that Ms. Faas has promoted her candidacy in Texas or that anyone other than her co-plaintiff stands ready to cast a ballot in her support. *See id.* Nor is there any indication that Ms. Faas has qualified to appear on the ballot of any other state or enjoys a modicum of national support for her platform. *Id.* Allowing candidates like Ms. Faas to appear on the general ballot could certainly lead to a crowded ballot and voter confusion—particularly at this late date, when many military and overseas voters have already received ballots. Accordingly, the state continues to have a legitimate interest in restricting access to the general election ballot by requiring a showing of some modicum of voter support within the state. The motion to dismiss should be granted as to the deadline and

signature requirements found in Section 192.032. *See* TEX. ELEC. CODE § 192.032(a); 192.032(b)(3)(A); 192.032(c); 192.032(d).

### B. The Requirement to Submit a Written Statement from the Vice-Presidential Candidate is Constitutional

The motion also should be granted with respect to Section 192.032(b)(3)(B) requiring that independent presidential candidates file a written statement of consent from their vice-presidential candidates. TEX. ELEC. CODE § 192.032(b)(3)(B). As with the other sub-parts of 192.032, this provision does not impose a severe burden on potential candidates. To the contrary, it is even less burdensome than other sections of the Code which have been held constitutional since it merely asks that the presidential candidate provide a written statement of consent from her proposed vice-presidential candidate by May 9, 2016.

Ms. Faas complains that this requirement is unconstitutional, presumably because the major party candidates need not disclose their running mates until later in the summer. Amended Compl., ¶¶ 21, 29. This minor difference in timing is insufficient to trigger strict scrutiny because major party candidates and independent candidates are not similarly situated. *See Jenness v. Fortson*, 403 U.S. 431, 441-42 (1970). In fact, "there are obvious differences between the needs and potentials of a political party with historically established support, on the one hand, and a new or small political organization on the other." *Id.* States therefore are justified in imposing differing requirements on independent candidates without a track record and major political parties with complex primary and convention systems. *See, e.g., Am. Party of Texas,* 415 U.S. at 780-81 (holding Texas's statutory scheme for the nomination of candidates for the general election ballot constitutional); *Texas Indep. Party*, 84 F.3d at 180 (concluding that statutory scheme that treats major parties, minor parties and independent candidates differently is constitutional); *Meyer*, 2011 WL 1806524 at * 3 ("If a party candidate is to gain access to general election ballot, he must run

the risk of a contested primary race, sometimes a run-off primary election, and thereby earn the support of voters to win a nomination. Independent candidates do not face these obstacles, because they are trying to gain access directly to the general election ballot.").

Moreover, the written statement of consent in this case ensures the legitimacy of an independent candidate's selection and avoids situations where an independent candidate proposes a running-mate without that person's approval. Texas certainly has an interest in confirming that an independent candidate's proposed running mate has acquiesced to serve as the vice-president of the United States and to appear in a joint ticket. Accordingly, whatever slight burden Section 192.032(b)(3)(B) may impose on an independent candidate, it is easily outweighed by the State's legitimate interest in ensuring a fair and orderly election process. The Court should grant the motion as to Section 192.032(b)(3)(B) and find the simple consent requirement constitutional.

## II. MS. FAAS HAS FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT HER CLAIMS

Alternatively, the Court should dismiss the lawsuit because Ms. Faas has not alleged sufficient facts to support a claim for which relief can be granted. In *Meyer v. Texas*, the plaintiff challenged the Secretary of State's decision to deny his petition "to be placed on the ballot as an independent candidate" for the House of Representatives because "his petition lacked the requisite number of permissible voters' signatures." 2011 WL 1806524 at *1. In granting Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the district court noted that "even assuming *arguendo* . . . that the plaintiff had suffered a constitutional burden" he had not shown that "burden to be severe" since—like Ms. Faas—he had failed to allege any facts "indicating . . . actual efforts to obtain voters' signatures" or tending to show that the challenged regulations "impeded his ballot access." *Id.* at *5.

The same is true here. Ms. Faas has not averred *any* facts showing that she campaigned in Texas, enjoys support from the State's voters (other than her co-plaintiff), filed an application with the Secretary of State, sought to obtain voter signatures in Texas, identified a vice-presidential running mate, or in any way attempted to meet the statutory requirements by May 9, 2016. Simply put, Ms. Faas has done little more than offer conclusory assertions about the undue burden she purportedly suffered. She has not alleged facts to support her claim that Section 192.032 is unduly burdensome or that she has been denied access to the general ballot. As such, her claims concerning Section 192.032 should be dismissed for failure to state a claim. *Twombly*, 550 U.S. at 570 (finding that plaintiffs must set forth facts to "nudge" their claim "across the line from conceivable to plausible.").

Ms. Faas's vague challenge to Sections 192.0349(a), 192.033(a) and 141.031(a)(4)(K) also fails to state a claim upon which relief can be granted. Ms. Faas does little more than just copy and paste the text of these statutory provisions into her Amended Complaint without setting forth any facts explaining how these specific state laws impede her ability to be on the ballot. The absence of *any* factual underpinnings is fatal to these claims. Sections 192.0349(a) and 192.033(a) are general provisions directing the Secretary of State to place the president and vice-president as a ticket on the ballot and requiring that he certify the ballots in writing so the counties will know what to print. Section 141.031(a)(4)(K) does little more than require that candidates, for any office, to agree to uphold the federal and state constitution. Because mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to state a viable claim, Plaintiffs' claims with respect to these three provisions fails as a matter of law. *Twombly*,

550 U.S. at 555. The motion should be granted as to these provisions for failure to state a claim under Rule 12(b)(6).[1]

## PRAYER FOR RELIEF

For the foregoing reasons, Defendants respectfully ask the Court to grant their motion, dismiss Plaintiffs' Amended Complaint with prejudice and award Defendants all other relief the Court deems appropriate

DATED: October 14, 2016

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**ANGELA V. COLMENERO**
Chief, General Litigation Division

/s/ *María Amelia Calaf*
MARIA AMELIA CALAF
Assistant Attorney General
State Bar No. 24081915
Southern District No. 2487135
General Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4063
maria.calaf@texasattorneygeneral.gov

---

[1] These claims fails for the separate reason that Plaintiffs lack standing to challenge these general provisions. *Kennedy v. Cascos,* 2016 WL 5794798, 1:16-CV-1047-RP, *5 (W.D. Tex. Oct. 4, 2016) (noting that there would be a substantial questions as to whether plaintiffs lawfully barred from the ballot have standing to pursue facial claims against ballot access regulation).

## CERTIFICATE OF SERVICE

  I certify a true and correct copy of the foregoing document was served via the court's electronic-service, on October 14, 2016, to:

Vivian E. Restrepo, LLC
The Law Office of Vivian E. Restrepo, Esq.
TX Bar No. 24085549
454 S.W. 8th St.
Miami, Florida 33130
Vivian.Restrepo.Law@gmail.com

               /s/ *María Amelia Calaf*
               MARIA AMELIA CALAF