IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS

SOURAYA FAAS, and
LEONARD STANLEY
CHAIKIND

_____,
Plaintiff's

vs.

CASE NO.: 4:16-CV-01299

CARLOS CASCOS, in his
official capacity as the Secretary
of the State of Texas and the State
of Texas

_____,

Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Plaintiffs, SOURAYA FAAS and LEONARD STANLEY CHAIKIND, files Plaintiffs' Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, and in support thereof, would show the Court that contrary to Defendant's belief, Plaintiffs did state a claim upon which relief can be granted and states in support thereof as follows:

1.　On May 10, 2016, Plaintiff filed her original complaint.

2.　On June 30, 2016, Defendants filed a Motion to Dismiss Plaintiff's Complaint.

3.　On July 25, 206, Plaintiff's prior counsel withdrew from this case.

4.　On August 28, 2016, Plaintiff's new counsel moved to appear as attorney for the Plaintiff and additionally filed an Unopposed Motion for Extension of Time to Answer Defendant's Motion to Dismiss.

5.　In Plaintiff's Unopposed Motion for Extension of time, Plaintiff's counsel stated that (i) On August 28, 2016, Plaintiff retained the Law Office of Vivian E. Restrepo, P.L, as

counsel in this matter . . . [that] Plaintiff's counsel needs additional time to review and respond to Defendant's Motion" and additionally respectfully requested that this Honorable Court grant Plaintiff additional time to "answer or otherwise respond."

6. On September 7, 2016, this Court Granted Plaintiff's Motion for Extension of Time.

7. On October 14, 2016, Defendant's filed a Motion to Dismiss Plaintiffs' Amended Answer relying solely on Federal Rule of Civil Procedure 12(b)(6), stating that Plaintiffs failed to allege sufficient facts to state a claim upon which relief can be granted.

8. In Plaintiffs' Amended Complaint, Plaintiffs seek to declare V.T.C.A., Election Code §§ 141.031(a)(4)(K), 146.025(a)(1), 192.032(a), 192.032(b)(1)(B), 192.032(b)(3)(A), 192.032(b)(3)(B), 192.032(c), 192.032(d), 192.032(f), 192.032(g), unconstitutional as "they create an extremely difficult process of qualifying as an independent presidential candidate" which directly resulted in supporters of Plaintiff being "unable to marshal their resources in such a manner as to conduct successful petition drive in Texas and to also achieve ballot access." Plaintiffs Amended Complaint at paragraph 8, *Souraya Faas and Leonard Stanley Chaikind vs. CARLOS CASCOS, in his official capacity as the Secretary of the State of Texas and the State of Texas*, No. 4:16-cv-01299 (Southern District of Texas Oct. 18, 2016)

9. Following Paragraph 8 in Plaintiff's Amended Complaint, Plaintiff states sufficient facts to state a claim to relief that is plausible.

10. It was and still is Plaintiff's good faith belief that in this Court Granting Plaintiff's Motion for Extension of Time, the Plaintiff had full leave of the Court to amend said complaint.

11. The new Complaint maintains the counts and allegations against the same defendants from the original complaint, but accounts for the significant factual developments that have occurred since the original complaint was filed including the addition of 1) a new Plaintiff, and 2) V.T.C.A., Election Code §§ 141.031(a)(4)(K).

12. As per Federal Rules of Civil Procedure Rule 15 (a)(2), "the court should freely give leave when justice so requires.

13. In *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, the Court stated that "the policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion: thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."

14. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional cost, discovery, and preparation to defend against new facts or new theories. Defendants cannot be prejudiced, or caught off guard, by the new facts alleged since the facts alleged in the Amended Complaint mirror those in the original filed complaint. The proposed amended complaint does not involve the addition of any new defendants, set forth any new claims, or raise any new legal theories. No prejudice would result to Defendants in allowing the amendment under these circumstances.

15. Defendants will in no way be prejudiced if the changes are allowed at this point in the proceedings.

16. There are no apparent reasons for denying the motion to amend, as none of the factors that may militate against it are present in this case. Consistent with the liberal standard

that applies to motions to amend under Rule 15(a)(2), the Court should therefore deny and/or strike Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

17. More importantly, the Amended Complaint challenges V.T.C.A., Election Code 141.031(a)(4)(k), as unconstitutional for the reason that it imposes additional requirements not set forth by the United States Constitution. Plaintiffs Amended Complaint at paragraph 5 and 6, *Souraya Faas and Leonard Stanley Chaikind vs. CARLOS CASCOS, in his official capacity as the Secretary of the State of Texas and the State of Texas*, No. 4:16-cv-01299 (Southern District of Texas Oct. 18, 2016)

18. The Supreme Court of the United States has recognized that "the right of the electors to be represented by the [people] of their own choice, was so essential for the preservation of all their other rights, that it ought to be considered as one of the most sacred parts of our constitution." *U.S. Term Limits, Inc., v. Hill*, 115 S. Ct. 1842, 796 (U.S. S. Ct 1995)

19. Similar to this case, in *U.S. Term Limits, Inc.., v. Hill*, action was brought challenging the State Constitution which as amended sought to impose additional requirements from candidates seeking to have their name placed on the ballot for elections. The Circuit Court found that the State Constitution violated the United States Constitution, the Supreme Court of Arkansas affirmed, and on appeal the United States Supreme Court held that states may not impose restrictions and/or qualifications in addition to those set forth by the Constitution and stated that "the Constitution prohibits states from imposing congressional qualifications additional to those specifically enumerated in its text." *Id*. at 780.

20. More importantly, the United States Supreme Court reasoned that the state provision "is unconstitutional when it has the likely effect of handicapping a class of candidates as has the sole purpose of creating additional qualifications indirectly." *Id*. at 781.

21. In this case, like in the aforementioned case, the Texas Constitution seeks to impose additional restrictions and/or qualifications for candidates seeking to have their name placed on the ballot for elections.

22. The Unites States Supreme Court has made it clear that "the provisions in the Constitution governing federal elections confirm the Framers' intent that States lack power to add qualifications. The Framers feared that the diverse interests of the States would undermine the National Legislature, and thus they adopted provisions intended to minimize the possibility of state interference with federal elections." *Id.* at 809.

23. While the Supreme Court recognizes that "the Elections Clause gives States authority to enact the numerous requirements as to procedure and safeguards which are necessary to enforce the fundamental right involved," it has also held that provisions in State Constitutions—such as the ones being challenged by the Plaintiffs in this case— are unconstitutional and do not justify the safeguards imposed by states because "such a state-imposed restriction is contrary to the fundamental principle of our representative democracy, embodied in the Constitution, that the people should choose whom they please to govern them." *Id.* at 835, 784.

24. As the Supreme Court of the United States of America stated: "sovereignty is vested in the people, and that sovereignty confers on the people the right to choose freely their representatives to the National Government" – if the people cannot choose who they want to elect we are essentially taking away a constitutional right *Id.* at 795.

**WHEREFORE**, for the foregoing reasons, Plaintiff's respectfully request that this honorable Court allow leave for Plaintiff's Amended Complaint and deny Defendant's Motion to Dismiss Plaintiffs Amended Complaint.

Respectfully submitted,

*signature*

THE LAW OFFICE OF
**VIVIAN E. RESTREPO, LLC.**
**Vivian E. Restrepo, Esq.**
*Attorney for Plaintiff*
TX. Bar No.: 24085549
454 S.W. 8TH ST.
Miami, Florida 33130
Tel: (305) 457-8092
Fax: (305) 334-5779
Vivian.Restrepo.Law@gmail.com

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served via the court's electronic -Service on November 1, 2016 to:

**Maria Amelia Calaf**
Office of the Attorney General of Texas
PO Box 12548 MC 017-6
300 W 15th St, 6th Floor
Austin, TX 78711-2548
512-463-2018
Email: maria.calaf@texasattorneygeneral.gov

/s/ Vivian Restrepo, Esq.
VIVIAN E. RESTREPO, ESQ.