IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SOURAYA FAAS, and § | |
| LEONARD STANLEY CHAIKIND, § | |
|    *Plaintiffs*, § | |
| § | |
| v. § | Civil Action No. 4:16−cv−01299 |
| § | |
| CARLOS CASCOS, in his § | |
| Official capacity as the § | |
| Secretary of the State of Texas § | |
| and the STATE OF TEXAS, § | |
|    *Defendants*. § | |

_____

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT AND
APPLICATION FOR DECLARATORY AND INJUNCTIVE RELIEF**
_____

Defendants, Carlos Cascos, in his official capacity as the Secretary of the State of Texas, and the State of Texas (collectively, "Defendants"), file this Reply in Support of their Motion to Dismiss Plaintiffs' First Amended Complaint and Application for Declaratory and Injunctive Relief (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants would show the Court as follows:

### INTRODUCTION

Plaintiffs' lawsuit should be dismissed. Rather than address the binding case law affirming the constitutionality of the challenged ballot-access laws, Plaintiffs' response ignores the relevant cases and introduces new, inapposite case law. For the reasons set forth below and in Defendants' opening brief, the motion to dismiss should be granted and Plaintiffs' case dismissed as a matter of law.

## ARGUMENT AND AUTHORITIES

As initial matter, Defendants are not seeking to strike Plaintiffs' Amended Complaint, but to dismiss the case on the merits.  To that end, Defendants have cited binding Fifth Circuit case law explaining why the challenged provisions are constitutional under the First and Fourteenth Amendments. And, in the alternative, why the Amended Complaint fails to state a cause of action upon which relief can be granted.  Plaintiffs' response fails to address any of these arguments or offer any reason why this Court should depart from binding Fifth Circuit precedent finding the State's ballot-access provisions for independent candidates to be reasonable and non-discriminatory.  *See, e.g., Nader v. Connor*, 388 F.3d 137 (5th Cir. 2004) (affirming the constitutionality of Texas's voter signature requirement and the statutory deadline for independent presidential candidates); *Texas Indep. Party v. Kirk*, 84 F.3d 178, 184-85 (5th Cir. 1996) (upholding the signature requirement for independent candidates and finding that forcing independent candidates to meet petitions requirements did not impose a severe burden); *Meyer v. Texas,* Civil Action No. H-10-3860, 2011 WL 1806524 at * 3 (S. D. Texas May 11, 2011) (upholding the constitutionality of the statutory requirements for independent candidates for the House of Representatives and finding that the plaintiff had failed to allege facts to support his claim).  Accordingly, the motion should be granted.

Plaintiffs' new argument that the Texas Election Code is unconstitutional because it somehow creates additional qualifications for office beyond those contained in the Texas Constitution does not compel a different result. Response ¶¶ 18-24. In *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779 (1995), the Supreme Court "struck down an amendment to the Arkansas Constitution which prohibited the name of an otherwise-eligible candidate for Congress from appearing on the general election ballot if that candidate had already served three terms in the

House or two terms in the Senate." *Nat'l Comm. of U.S. Taxpayers Party v. Garza*, 924 F. Supp. 71, 75 (W.D. Tex. 1996). The Supreme Court held that this provision was "an indirect attempt to accomplish what the Constitution prohibits Arkansas from accomplishing directly." *Thornton*, 514 U.S. at 829. But the Supreme Court also distinguished, for constitutional purposes, the legislation in Arkansas from laws that "regulated election *procedures* and did not even arguably impose any substantive qualification rendering a class of potential candidates ineligible for ballot position." *Id.* at 835. Thus, under *Thornton*, ballot- access provisions are constitutional "so long as they are, in fact, designed to legitimately limit ballot access." *Garza*, 924 F. Supp. at 75. The challenged provisions here—including, Sections 192.032, 192.033(a) and 141.031(a)(4)(K) —simply regulate electoral procedures to gain access to the ballot and do not deny an otherwise-qualified candidate the opportunity to run for President. Plaintiffs' new argument thus misses the mark.

The Court should grant the motion and dismiss Plaintiffs' lawsuit with prejudice.

## CONCLUSION

For the foregoing reasons and all the reasons set forth in the opening brief, Defendants respectfully ask the Court to grant their motion, dismiss Plaintiffs' Amended Complaint with prejudice and award Defendants all other relief the Court deems appropriate.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**ANGELA V. COLMENERO**
Chief, General Litigation Division

/s/ *María Amelia Calaf*
MARIA AMELIA CALAF
Assistant Attorney General
State Bar No. 24081915
Southern District No. 2487135
General Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4063
Telecopier: (512) 320-0667
maria.calaf@oag.texas.gov
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document was served via the court's electronic-service, on November 4, 2016, to:

Vivian E. Restrepo, LLC
The Law Office of Vivian E. Restrepo, Esq.
TX Bar No. 24085549
454 S.W. 8th St.
Miami, Florida 33130
Vivian.Restrepo.Law@gmail.com

/s/ *María Amelia Calaf*
MARIA AMELIA CALAF